**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------------------------X

In re:

    **TERRORIST ATTACKS ON**
    **SEPTEMBER 11, 2001**

------------------------------------------------------------------X

MARIE LAURE ANAYA, individually and as the Personal Representative of the Estate of Calixto Anaya, Jr., KRISTINA-MARIE ANAYA, BRANDON MICHAEL ANAYA, REBECCA ANAYA, HELEN L. COLHOUN, individually and as the Personal Representative of the Estate of Liam Joseph Colhoun, BRIGID COLHOUN, M. RITA DACOSTA, individually and as the Personal Representative of the Estate of Carlos DaCosta, DANIEL DACOSTA, CARLOS DACOSTA JR., JOSEPH DIMARTINO, individually and as the Personal Representative of the Estate of Deborah Ann Dimartino, SAMANTHA DIMARTINO, DANIELLE DIMARTINO, PETER A. DIONISIO, individually and as a Personal Representative of the Estate of Anthony Dionisio, Jr., LUCILLE DIONISIO, individually, as a Personal Representative of the Estate of Anthony Dionisio, Jr. and the Personal Representative of the Estate of Anthony Dionisio, STEPHANIE DIONISIO, DEBORAH ANN PHINNEY, BARBARA M. DUFFY, individually and as the Personal Representative of the Estate of Michael Joseph Duffy, JOHN M. DUFFY, MARYKAY DUFFY-KEMPER, ELIZABETH A. EMERY, individually and as the Personal Representative of the Estate of Edgar H. Emery, Jr., BRIAN K. EMERY, JOHN M. GALVIN, individually and as the Personal Representative of the Estate of Thomas E. Galvin, JOHN M. GALVIN, JR., DIVERRA GALVIN, KATHY GALVIN CALLAHAN, LYNN GALVIN, THOMAS FRANK GETZENDANNER, individually, as the Personal Representative of the Estate of Susan Getzendanner, the Personal Representative of the Estate of Elizabeth A. Getzendanner and the Personal Representative of the Estate of Joseph W. Getzendanner,

1:03-MDL-1570-GBD-SN

1:18-cv-12341-GBD-SN

LIDIA KRISO, MARTHA LINGEN, DEODAT GUMAN, individually, the Personal Representative of the Estate of Babita Girjamatie Guman and the Personal Representative of the Estate of Melaissa Guman, CHRISTINA GUMAN, DONNA M. HALL, individually and as the Personal Representative of the Estate of Richard Boy Hall, MATTHEW J. KAUTH, individually and as a Personal Representative of the Estate of Don Jerome Kauth, ANN FERRIS, individually and as a Personal Representative of the Estate of Don Jerome Kauth, PATRICK M. KAUTH, CECELIA KAUTH, BRYAN KAUTH, DENISE BRADY, VANESSA GRAHAM, individually and as the Personal Representative of the Estate of Winifred R. Graham, MARY K. GROSSI, JUDITH KING, individually and as the Personal Representative of the Estate of Andrew Marshal King, CASEY KING, ANDREW KING, CARLY KING, TRACY ANNE LARKEY, individually and as the Personal Representative of the Estate of Robin Blair Larkey, NICHOLAS BLAIR LARKEY, OLIVER ROBIN LARKEY, WILLIAM JAMES LARKEY, EILEEN R. LEE, individually and as the Personal Representative of the Estate of Gary H. Lee, GARY A. LEE, VIVIAN LANHAM-LOWE, individually and as the Personal Representative of the Estate of Michael W. Lowe, DONOVAN LANHAM, GARY LANHAM, JASMINE LANHAM, MYASIA MICKI LAURENCE, CHARNICE LOWE, CHARISMA LOWE, TAMMEKA LOWE, KHALIK LOWE, DAVID LOWE, PHILLIP SAMUEL LOWE, KERINA WILLIAMS, MARIO TRUGLIO, as the Personal Representative of the Estate of Michael A. Marti and as the Personal Representative of the Estate of Roger R. Marti, ROSALIE A. MARTI, CARLO NOTARO, individually and as the Personal Representative of the Estate of Daniela R. Notaro, ROSA NOTARO and ROSARIA RENEO,

       **Plaintiffs,**

      -against-

ISLAMIC REPUBLIC OF IRAN,

       **Defendant.**

---------------------------------------------------------------X

# FIRST AMENDED[1] IRAN SHORT FORM COMPLAINT
# AND DEMAND FOR TRIAL BY JURY

Plaintiffs named herein by and through the undersigned counsel file this Short Form Complaint against Defendant, the Islamic Republic of Iran ("Iran"), arising out of the September 11, 2001 terrorist attacks ("September 11, 2001 Terrorist Attacks"), as permitted and approved by the Court's Order of July 10, 2018, ECF No. 4045. Each Plaintiff incorporates by reference the specific allegations, as indicated below, of (a) the Federal Insurance and Ashton Plaintiffs' Amended Consolidated Complaint Against Defendant, the Islamic Republic of Iran, ECF No. 3237, or (b) the Amended Complaint, Burnett v. Islamic Republic of Iran, No. 15-CV-9903 (GBD)(SN) (S.D.N.Y. Feb 8, 2016), ECF No. 53.

Upon filing this Iran Short Form Complaint, each Plaintiff is deemed to have adopted all factual and jurisdictional allegations of the complaint that has been joined as specified below; all causes of action contained within that complaint; and all prior filings in connection with that complaint; and all prior Orders and rulings of the Court in connection with that complaint.

Additionally, each Plaintiff incorporates the factual allegations and findings contained in those pleadings and orders filed at Havlish v. Bin Laden, No. 1:03-CV-9848 (GBD)(SN) (S.D.N.Y.), ECF Nos. 263, 294, 295; In re Terrorist Attacks on September 11, 2001, 03-MDL-1570 (GBD)(SN) (S.D.N.Y.), ECF Nos. 2430, 2431, 2432, 2433, 2473, 2515, 2516; and evidence submitted at the proceedings before the Honorable George B. Daniels on December 15, 2011 (ECF No. 2540).

## VENUE

1. Venue in this district is proper pursuant to 28 U.S.C. §§ 1391(b)(2) and

---

[1] The amendment effectuated hereby is limited to correcting the spelling of the name of Plaintiff Ann Ferris, which was misspelled as Ann Ferrus in the caption and appendix to the initial complaint.

1391(f)(1), as a substantial part of the events giving rise to the claims asserted herein occurred in this district. Venue is also proper in this district pursuant to 18 U.S.C. § 2334(a).

## JURISDICTION

2. Jurisdiction against the Islamic Republic of Iran is premised on the grounds set forth in the complaints specified below, including but not limited to 28 U.S.C. § 1605(a) (tort exception to the Foreign Sovereign Immunities Act), 28 U.S.C. § 1605A (terrorism exception to the Foreign Sovereign Immunities Act), and 28 U.S.C. § 1605B (Justice Against Sponsors of Terrorism Act).

## CAUSES OF ACTION

3. Each Plaintiff hereby adopts and incorporates by reference all factual allegations, jurisdictional allegations, and jury trial demand, including all causes of action against the Islamic Republic of Iran, as set forth in the following complaint [**check <u>only one</u> complaint**]:

☒ <u>Federal Insurance</u> and <u>Ashton</u> Plaintiffs' Amended Consolidated Complaint Against Defendant, the Islamic Republic of Iran, ECF No. 3237

☐ Amended Complaint, <u>Burnett v. Islamic Republic of Iran</u>, No. 15-CV-9903 (GBD)(SN) (S.D.N.Y. Feb. 8, 2016), ECF No. 53

4. In addition, each Plaintiff hereby asserts the following additional causes of action:

☒ Iran Short Form Complaint First Cause of Action to Recover Wrongful Death Damages Pursuant to 28 U.S.C. § 1605B (the Justice Against Sponsors of Terrorism Act or JASTA) and 18 U.S.C. § 2333 *et seq*. (the Anti-Terrorism Act or ATA)

As a factual basis for this cause of action, Plaintiff(s) allege that the allegations set forth in the complaint noted above, as well as the allegations set forth in the <u>Havlish</u> filings noted above, establish that, as set forth herein, the injuries they suffered arose from the September 11, 2001 Terrorist Attacks; Defendant's role in the September 11, 2001 Terrorist Attacks constituted acts of international terrorism that violated state and federal laws pursuant to 18 U.S.C. § 2331; that the September 11, 2001 Terrorist Attacks constituted acts of international terrorism committed, planned or authorized by an organization that had been designated as a foreign terrorist organization under 8 U.S.C. § 1189; that the

September 11, 2001 Terrorist Attacks violated state and federal laws pursuant to 18 U.S.C. § 2331; and that Defendant aided and abetted, by knowingly providing substantial assistance, with others and/or conspired with others who committed an act or acts of international terrorism in violation of 18 U.S.C. § 2333 *et seq*.

☐ Iran Short Form Complaint First Cause of Action to Recover Personal Injury Damages Pursuant to 28 U.S.C. § 1605B (the Justice Against Sponsors of Terrorism Act or JASTA) and 18 U.S.C. § 2333 *et seq*. (the Anti-Terrorism Act or ATA)

As a factual basis for this cause of action, Plaintiff(s) allege that the allegations set forth in the complaint noted above, as well as the allegations set forth in the <u>Havlish</u> filings noted above, establish that, as set forth herein, the injuries they suffered arose from the September 11, 2001 Terrorist Attacks; Defendant's role in the September 11, 2001 Terrorist Attacks constituted acts of international terrorism that violated state and federal laws pursuant to 18 U.S.C. § 2331; that the September 11, 2001 Terrorist Attacks constituted acts of international terrorism committed, planned or authorized by an organization that had been designated as a foreign terrorist organization under 8 U.S.C. § 1189; that the September 11, 2001 Terrorist Attacks violated state and federal laws pursuant to 18 U.S.C. § 2331; and that Defendant aided and abetted, by knowingly providing substantial assistance, with others and/or conspired with others who committed an act or acts of international terrorism in violation of 18 U.S.C. § 2333 *et seq*.

### IDENTIFICATION OF PLAINTIFFS

5. The following allegations and information are alleged on behalf of each individual who is bringing this claim, as indicated on Appendix 1 to this Iran Short Form Complaint, herein referred to as "Plaintiffs."

   a. The citizenship/nationality of each Plaintiff is indicated at Appendix 1 to this Iran Short Form Complaint.

   b. Plaintiff is entitled to recover damages on the causes of action set forth in the complaint identified above, as joined by this Iran Short Form Complaint, and as further asserted within this Iran Short Form Complaint.

   c. As indicated at Appendix 1, Plaintiff (i) is the estate representative of someone who was killed as a result of the September 11, 2001 Terrorist Attacks; (ii) is the surviving immediate family member of someone who was killed as a result of the September 11, 2001 Terrorist Attacks; and/or (iii) suffered physical injuries as a result of the September 11, 2001 Terrorist Attacks.

   d. For those plaintiffs with personal injury claims, as indicated in Appendix 1, on or after September 11, 2001, said Plaintiff was present at the Pentagon and/or the World Trade Center site and/or its surroundings and/or lower Manhattan and/or at

      an area wherein he/she was exposed to toxins as a result of the terrorist attacks and was exposed to toxins from the attacks, and/or was otherwise injured, and/or as otherwise alleged, as stated specifically in Appendix 1.

    e. For those plaintiffs with personal injury and/or wrongful death claims, as indicated in Appendix 1, as a direct, proximate and foreseeable result of Defendant's actions or inactions, Plaintiff or his or her decedent suffered bodily injury and/or death, and consequently economic and other losses, including but not limited to pain and suffering, emotional distress, psychological injuries, and loss of enjoyment of life, and/or as described in the Iran Short Form Complaint, and/or as otherwise may be specified in subsequent discovery proceedings, and/or as otherwise alleged in Appendix 1.

    f. The name, relationship to the injured and/or deceased September 11 victim, residency, citizenship/nationality, and the general nature of the claim for each plaintiff asserting wrongful death and/or solatium claims is listed on the attached Appendix 1, and is incorporated herein as allegations, with all allegations of the related complaints, as specified above, deemed alleged as to each Plaintiff.

## IDENTIFICATION OF THE DEFENDANT

6. The only Defendant named in this Iran Short Form Complaint is the Islamic Republic of Iran.

## NO WAIVER OF OTHER CLAIMS

7. By filing this Iran Short Form Complaint, Plaintiff(s) is/are not waiving any right to file suit against any other potential defendants or parties.

8. By filing this Iran Short Form Complaint, Plaintiff(s) are not opting out of any class that the Court may certify in the future.

## JURY DEMAND

9. Each Plaintiff hereby demands a trial by jury as to the claims in this action.

WHEREFORE, Plaintiffs pray for relief and judgment against Defendant as set forth in this Iran Short Form Complaint as appropriate.

Dated: February 22, 2019
      New York, New York

Respectfully Submitted,

**FLEISCHMAN BONNER & ROCCO LLP**

By: /s/ James P. Bonner
James P. Bonner (jbonner@fbrllp.com)
Patrick L. Rocco (procco@fbrllp.com)
Susan M. Davies (sdavies@fbrllp.com)
565 Fifth Avenue, 7th Floor
New York, New York 10017
Telephone: (212) 880-9567

Joseph Peter Drennan (admitted *pro hac vice*)
218 North Lee Street, Third Floor
Alexandria, Virginia 22314-2631
Telephone: (703) 519-3773
Telecopier: (703) 997-2591
Mobile: (540) 226-0777
joseph@josephpeterdrennan.com

Patrick M. Donahue (admitted *pro hac vice*)
P. Joseph Donahue (admitted *pro hac vice*)
Thomas P. Donahue (admitted *pro hac vice*)
WISE & DONAHUE, PLC
18 West Street
Annapolis, MD 21401
Telephone: (410) 280-2023
pmd@wisedonahue.com
pjd@wisedonahue.com
tpd@wisedonahue.com

P. York McLane (admitted *pro hac vice*)
LAW OFFICE OF P. YORK MCLANE
14015 Park Dr., Ste. 111
Tomball, Texas 77377
yorkmclane@yahoo.com

*Counsel for Plaintiffs*