UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| *In re*: Terrorist Attacks on September 11, 2001 | 03 MDL 1570 (GBD)(SN)<br>ECF Case |

**This document relates to:**

**Member case** *Marie Laure Anaya, et al. v. Islamic Republic of Iran*, **1:18-cv-12341 (GBD) (SN))**

*(ANAYA/IRAN VI)*

***DECLARATION OF JOSEPH PETER DRENNAN***

I, JOSEPH PETER DRENNAN, declare, pursuant to 28 U.S.C. Section 1746, as follows:

1. I am the principal of The Law Office of Joseph Peter Drennan, one of four law firms representing the Plaintiffs in the above-captioned *Marie Laure Anaya, et al. v. Islamic Republic of Iran*, 1:18-cv-12341-GBD-SN (the "*Anaya* Action"). I was admitted *pro hac vice* in the *Anaya* Action on February 5, 2019. I submit this Declaration in support of the motion by Plaintiff Kathleen Marie Delatizky, the stepdaughter of the late Richard Bradway Hall, an insurance executive who was killed in the collapse of the World Trade Center on 11 September 2001. Ms. Delatizky seeks a partial default judgment against the Islamic Republic of Iran ("Iran"), consistent with judgments previously entered by this Honorable Court, awarding her compensatory damages for loss of solatium in the amount of $8,500,000, plus prejudgment interest thereon at the rate of 4.96 percent per annum, compounded annually, for the period from 11 September 2001, until the date of judgment.

2. The form of this motion and the relief requested herein are intended to comply with the following orders of this Honorable Court:

   a. The Court's order dated January 24, 2017 (MDL ECF No. 3435), requiring that "[a]ll further motions for final judgment against any defaulting defendant shall be accompanied by a sworn declaration attesting that the attorney has (1) complied with the due diligence safeguards [referenced in Section II.D of the January 23, 2017 letter from the Plaintiffs' Executive Committee (ECF No. 3433)] and (2) personally verified that no relief has previously been awarded to any plaintiff included in the judgment (or, if relief has been awarded, the nature of that relief)."

   b. The Court's Order dated October 14, 2016 (MDL ECF No. 3362) related to the cases captioned as *Bauer v. Al Qaeda Islamic Army*, 02-CV-7236-GBD-SN and *Ashton v. al Qaeda Islamic Army*, 02-CV-6977-GBD-SN directing that proposed default judgments for compensatory damages must not include awards of punitive damages and must state a rate of 4.96 percent per annum for prejudgment interest.

   c. The Court's Order dated October 20, 2016 (MDL ECF No. 3368) related to the cases captioned as *Bauer v. Al Qaeda Islamic Army*, 02-CV-7236-GBD-SN and *Ashton v. al Qaeda Islamic Army*, 02-CV-6977-GBD-SN directing that motions for solatium damages for non-immediate family members include a declaration from each claimant evidencing his or her relationship with the decedent.

   d. The Court's Order dated October 28, 2019 (MDL ECF No. 5234) setting forth updated procedural rules for filing new claims in the MDL.

3. The form of this motion and the relief requested herein are also consistent with the form and relief requested and granted to plaintiffs in *Ashton v. al Qaeda Islamic Army,* 02-cv-6977 (GBD)(SN) and other cases in this multidistrict litigation.

4. Service of process on The Islamic Republic of Iran in the *Anaya* Action was executed pursuant to 28 U.S.C. § 1608(a)(4) on 29 June 2020, through diplomatic channels. *See* 18-cv-12341 ECF No. 47-3.

5. The sources of my information and the bases for my belief in the statements contained herein are: my personal involvement in representing *Anaya* Plaintiffs in connection with the September 11th litigation; communications directly with the personal representatives and family members of individuals killed in the 11 September 2001 terrorist attacks, including Kathleen Marie Delatizky and her mother, Donna M. Hall; communications with my co-counsel herein; communications with counsel representing other plaintiffs in the *In re Terrorist Attacks*

2

*on September 11, 2001* multidistrict litigation (the "MDL"); documents and public records contained in my firm's files; and court records relating to the MDL. Any matters about which I lack personal knowledge are asserted herein upon information and belief.

6. My firm was retained by Donna M. Hall, in her capacity as the personal representative of the estate of her late husband, Richard Bradway Hall, as well as individually, to pursue claims against the Islamic Republic of Iran for its role in the terrorist attacks in the United States on September 11, 2001 (the "September 11th Attacks"). On 5 October 2021, this Honorable Court granted a judgment of default as to liability against Iran and in favor of *Anaya* Plaintiffs, including the Estate of Richard Bradway Hall (the "October 5, 2021 Judgment"). *See* 18-cv-12341 ECF No. 70; MDL ECF No. 7178. The 5 October 2021 Judgment awarded compensatory damages for solatium to *Anaya* Plaintiffs who were immediate family members of individuals killed in the September 11th Attacks ("9/11 Decedents") and damages for pain and suffering to the Estate of Richard Bradway Hall *See, id.*

7. My firm has also been retained by Kathleen Marie Delatizky, the biological daughter of Plaintiff Donna M. Hall and stepdaughter of the late Richard Bradway Hall, to pursue a claim against Iran for the death of her stepfather. On 29 August 2023, pursuant to this Honorable Court's Order of 29 October 2019 (MDL ECF No. 5234), the Complaint in the *Anaya* Action was amended to add Ms. Delatizky as a party Plaintiff. *See* 18-cv-12341, ECF No. 164.

8. Ms. Delatizky has provided my firm with evidence of her United States citizenship on 11 September 2001.

9. Before filing this motion, I have complied with the due diligence safeguards referenced in Section II.D of the 23 January 2017 letter from the Plaintiffs' Executive Committee (ECF No. 3433), and have personally verified that, based on my review of the records available

to me regarding other lawsuits against the Islamic Republic of Iran and Iranian government agencies related to the 11 September 2001 terrorist attacks and judgments entered by this Court in those actions, Ms. Delatizky has not previously been awarded a judgment against Iran or any Iranian government defendant in relation to the September 11th Attacks, and has no other motion pending before this Honorable Court for compensation arising out of the September 11th Attacks.

**Evidence of Ms. Delatizky's Relationship with her late Stepfather**

10. Annexed hereto as **Exhibit 1** is a true and correct copy of the Declaration of Kathleen Marie Delatizky, executed on 31 August 2023, in which Ms. Delatizky attests to the length and nature of her relationship with the late Richard Bradway Hall, her stepfather.

11. Annexed hereto as **Exhibit 2** is a true and correct copy of the Declaration of Donna M. Hall, executed on 1 September 2023, in which Ms. Hall attests to the financial, social, and emotional role that her late husband, Richard Hall, played in the life of her daughter, Kathleen, from 1991, until Mr. Hall's untimely death on 11 September 2001.

12. As explained in the accompanying Memorandum of Law, the nature and duration of Ms. Delatizky's relationship with her late stepfather satisfy the framework established by this Honorable Court in prior decisions in the MDL awarding solatium damages to non-immediate family members of individuals killed in the September 11th Attacks who qualify as "functional equivalents" of immediate family members. Wherefore, I respectfully request this Honorable Court to award solatium damages to Kathleen Marie Delatizky, in the amount of $8,500,000, which this Honorable Court has previously determined to be the appropriate amount for solatium damages for similarly situated stepchildren of individuals killed in the September 11th Attacks.

**Prejudgment Interest**

13. Previously, this Honorable Court has awarded prejudgment interest at the rate of 4.96 percent, compounded annually, on awards of solatium damages to other *Ashton* plaintiffs who are non-immediate family members of 9/11 Decedents. *See* 03-md-1570 (S.D.N.Y.) (GBD)(SN), ECF 4173, entered 13 September 2018. The proposed order for partial final judgment submitted herewith conforms to the Court's prior orders.

14. Accordingly, I respectfully request that this Honorable Court grant the instant motion and enter partial final judgment in favor of Kathleen Marie Delatizky, and against the Islamic Republic of Iran.

I declare under penalty of perjury that the foregoing is true and correct. Executed in Alexandria, Virginia, on 5 September 2023.

*/s/ Joseph Peter Drennan*
JOSEPH PETER DRENNAN