

**U.S. Department of Justice**

*United States Attorney*
*Eastern District of New York*

AFM/CBB                                    *271 Cadman Plaza East*
F. #2024R00105                             *Brooklyn, New York 11201*


February 23, 2026

<u>By ECF</u>

The Honorable Sarah Netburn
United States Magistrate Judge
Thurgood Marshall United States Courthouse
40 Foley Square
New York, NY 10007

    Re: *In re Terrorist Attacks of September 11, 2001*, 03 MD 1570 (GBD) (SN)

Dear Judge Netburn:

    The United States Attorney's Office for the Eastern District of New York and the United States Department of Justice, National Security Division, National Security Cyber Section (the "government") respectfully submits this Statement of Interest, pursuant to 28 U.S.C. § 517, in response to the Court's January 28, 2026 Order, which invited the government to respond to motions filed by four groups of plaintiffs in this Multi-District Litigation (MDL) seeking attachment and execution pursuant to 28 U.S.C. § 1610(c) on approximately 127,271 Bitcoin (BTC) (the "Defendant Cryptocurrency") that constitutes the *res* at issue in a civil forfeiture proceeding pending before Judge Kovner in the U.S. District Court for the Eastern District of New York, *United States v. Approximately 127,271 Bitcoin*, No. 25-CV-5745 (RPK). [1]

    The government opposes these attachment and execution motions. Notably, the issues before this Court in deciding the above-referenced motions are identical to those in an action brought in the Eastern District of New York by another set of plaintiffs, who are claimants in the *127,271 BTC* civil forfeiture proceeding. *See Noala Fritz, et al. v. Iran & China Investment Development Group d/b/a Lubian.com*, No. 25-CV-7093 (E.D.N.Y.) (the "Fritz Suit"). Earlier today, the government filed its opposition to the Fritz Suit, which is attached as an exhibit and incorporated herein. *See 127,271 BTC*, Dkt. 96.

    The government respectfully submits that this Court should deny the attachment and turnover motions filed in the MDL—as well as any other motions that may be filed in the

---

[1] *See Ashton v. al Qaeda Islamic Army*, No. 02-cv-06977 (S.D.N.Y.); *Havlish v. Bin-Laden*, No. 03-cv-09848 (S.D.N.Y.); *Hoglan v. Islamic Republic of Iran*, No. 11-cv-07550 (S.D.N.Y.); *Anaya v. Islamic Republic of Iran*, No. 18-cv-12341 (S.D.N.Y.); *Chairnoff v. Islamic Republic of Iran*, No. 18-cv-12370 (S.D.N.Y.); *Ray v. Islamic Republic of Iran*, No. 19-cv-00012 (S.D.N.Y.).

future—for the reasons stated in the government's filing in the Fritz Suit, namely: (1) federal sovereign immunity bars attachment and turnover of property held by the government for forfeiture; (2) the bar on intervention in criminal forfeiture proceedings, 21 U.S.C. § 853(k), precludes collateral attachment and turnover actions; (3) the Terrorism Risk Insurance Act (TRIA), Pub. L. No. 107-297, 116 Stat. 2322 (2012) (codified at 28 U.S.C. § 1610 note) does not apply because the Defendant Cryptocurrency is not a "blocked asset" of a "terrorist party" as those terms are defined in the statute; (4) the plaintiffs have not established grounds for a property-specific certification under 28 U.S.C. § 1610(c) finding that they can satisfy their judgments against the Government of Iran by attaching the Defendant Cryptocurrency; and (5) attachment is not necessary to prevent dissipation of the Defendant Cryptocurrency or to secure *in rem* jurisdiction.

In addition to the grounds set forth in the attached Fritz Suit opposition, this Court should not assert jurisdiction over the cryptocurrency, *i.e.*, *res*, at issue in *127,721 BTC* because that property is already the subject of another court's *in rem* jurisdiction. *See Marshall v. Marshall*, 547 U.S. 293, 311 (2006) ("[W]hen one court is exercising in rem jurisdiction over a *res*, a second court will not assume *in rem* jurisdiction over the same *res*."); *see also Princess Lida of Thurn & Taxis v. Thompson*, 305 U.S. 456, 466–67 (1939) (explaining that where "two suits are in rem, or quasi in rem, so that the court, or its officer, has possession or must have control of the property which is the subject of the litigation," "the court first assuming jurisdiction over property may maintain and exercise that jurisdiction to the exclusion of the other"); Wright & Miller, 13F Fed. Prac. & Proc. Juris. § 3631 (3d ed., Oct. 2020) ("[W]hen a state or federal court of competent jurisdiction has obtained possession, custody, or control of particular property, that authority and power over the property may not be disturbed by any other court." (collecting citations)). Indeed, ruling on these issues in this forum, when they already are being definitively addressed in another, runs counter to judicial efficiency.

2

Therefore, the government requests that this Court deny the attachment and turnover motions in this MDL.  We thank the Court for its consideration of this submission.

Respectfully submitted,

JOSEPH NOCELLA, JR.
United States Attorney

By:    /s/_____
Alexander F. Mindlin
Tanisha R. Payne
Benjamin Weintraub
Andrew D. Reich
Rebecca M. Schuman
Assistant U.S. Attorneys
(718) 254-7000

Christopher B. Brown
Supervisory Trial Attorney
National Security Cyber Section
National Security Division
U.S. Department of Justice

cc:    Clerk of Court (SN)
       Counsel of Record